FILED BY _____ D.C.

05 DEC 14 PM 4: 32

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTONIO STACKER,

    Defendant.

Case No.: 04-20501 D

## ORDER ON MOTION IN LIMINE

Before the court is the United States Motion in Limine to exclude all evidence of a justification defense in his 18 U.S.C. § 922(g) case.

From on or about May 11, 2004 through September 11, 2004, Defendant received threatening calls, was assaulted, was victim of "shots fired", and had his property vandalized. Defendant made an initial report to the police, but did not follow through on his complaint. During the pendency of an ongoing dispute, witnesses gave statements identifying Defendant as the aggressor with respect to certain violent and assaultative behavior. Defendant contends that he was "under an unlawful present, imminent, and impending threat . . . of death or serious bodily injury." See *United States v. Singleton,* 902 F.2d 471, 472-473 (6th Cir. 1990).

A Defendant is entitled to a justification defense if five (5) factors are meet, to wit:

1. That defendant was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury;

2. That the defendant had not recklessly or negligently placed himself in a

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12/15/05



       situation in which it was probable that he would be forced to choose the criminal conduct;

3. That the defendant had no reasonable, legal, alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm;

4. That a direct causal relationship may be reasonably anticipated between the criminal action taken and the avoidance of the threatened harm; and

5. That the defendant did not maintain possession any longer than absolutely necessary.

*Id.* at 472-473.

The court finds without discussion that Defendant has met and satisfied factors 1 and 4. However, the court further finds, based on the record, that Defendant engaged in reckless conduct which put him in the position of having to choose the criminal conduct. Defendant was engaged in an ongoing dispute with his assailants, Defendant fought with them, and refused to cooperate with law enforcement to remedy the situation.

There was an anticipated causal relationship between the criminal action taken and the avoidance of the threatened harm.

Next, Defendant clearly engaged in carrying a weapon longer than necessary to avoid the threatened harm. By not following through on his complaint and letting law enforcement handled the matter, Defendant prolonged the criminal conduct. Additionally, Defendant's action in threatening an individual and engaging in a high speed chase further supports this finding.

In order to carry the burden on a justification defense, Defendant must present evidence to establish each factor by a preponderance of the evidence. Defendant has failed this requirement as to three of the five factors. Accordingly, the United States of America's motion to exclude testimony

2

of a justification defense is **GRANTED.**

**IT IS SO ORDERED** this ___14___ day of ___December___, 2005.

                                              BERNICE BOUIE DONALD
                                              UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 61 in case 2:04-CR-20501 was distributed by fax, mail, or direct printing on December 15, 2005 to the parties listed.

---

Randolph W. Alden
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Katrina U. Earley
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT